**HYDROMECHANIKI, S. A. and Eupalinos, Ltd., Appellants,**

v.

**MacDONALD CONSTRUCTION COMPANY, Appellee.**

No. 74–1722.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1975.

Decided Feb. 27, 1975.

C. Perry Bascom, St. Louis, Mo., for appellants.

William C. Dale, Jr., Biggs, Curtis, Casserly & Barnes, Clayton, Mo., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This is an appeal from the dismissal of an involuntary petition in bankruptcy. Hydromechaniki, S.A., and Eupalinos, Ltd., two Greek businesses, filed the petition against MacDonald Construction Company, a Missouri corporation, on

September 26, 1972. No other creditors joined in the petition. The Greek companies alleged that they were creditors of MacDonald and that MacDonald had less than twelve creditors. Under 11 U.S.C. § 95(b), three creditors must join in an involuntary petition unless the alleged bankrupt's creditors total less than twelve. If there are less than twelve creditors, it is sufficient if only one signs the petition.

In its answer MacDonald alleged, *inter alia,* that it had at least twelve creditors. Pursuant to 11 U.S.C. § 95(d), a list of 24 creditors, as of the date of the petition, was included with the answer. The court caused notice to be mailed to these creditors on April 16, 1973, and a hearing was set for May 29, 1973, to determine whether MacDonald had more than eleven creditors and to give the creditors an opportunity to be heard.

By the May 29 hearing no other creditors had joined Hydromechaniki and Eupalinos, and only these two creditors were represented at the hearing. The Greek companies then tendered interrogatories to the court and served them upon the alleged bankrupt. These were designed to determine whether the listed creditors qualified under 11 U.S.C. § 95. Judge Wangelin indicated that the interrogatories would not be filed at that time and took the matter under consideration. On September 17, 1973, the petition was dismissed on the ground that insufficient creditors had joined in the petition. The creditors moved for reconsideration and to amend or set aside the judgment on September 27, 1973, and the district court referred this motion to the bankruptcy judges for consideration. On January 11, 1974, the motion was overruled by the bankruptcy judge, and Hydromechaniki and Eupalinos appealed from this order to the district court. In August of 1974 the district court affirmed the order of the bankruptcy judge. Hydromechaniki and Eupalinos appeal the dismissal of their petition and denial of their motion to set aside or amend the judgment. We affirm the judgment of the district court.

Between April 13, 1973, when the list of creditors was filed by MacDonald, and May 29, 1973, the date of the hearing, the petitioning creditors made no effort to contact any of the twenty-four creditors listed by MacDonald. The reason given by them is that it would have been improper to do so. We have held that in the absence of bad faith or fraud there is no impropriety in inducing creditors to join in an involuntary petition. Missco Homestead Association v. United States, 185 F.2d 280, 283 (8th Cir. 1950), aff'g In re Missco Homestead Association, 86 F.Supp. 511 (E.D.Ark.1949). In fact, this seems to be one of the reasons a list of creditors is required to be filed when the answer alleges that there are more than eleven creditors. Advisory Committee's Note, Bankruptcy R. 104(e); 3 Collier on Bankruptcy ¶ 59.18 [1] at 621 (14th ed. 1974).

The district judge clearly indicated that the May 29 hearing was "for the purpose of determining whether MacDonald Construction Company had more or less than 12 creditors . . . ." The statute provides:

> [When] the answer avers the existence of [twelve or more] creditors . . . the court shall . . . delay the hearing upon such petition for a reasonable time, to the end that the parties in interest shall have an opportunity to be heard. . . . [I]f prior to or during such hearing, a sufficient number of qualified creditors shall join therein, the case may be proceeded with, *but otherwise it shall be dismissed.*

11 U.S.C. § 95(d) (emphasis added).

The petitioning creditors were clearly under notice that unless they showed there were not twelve creditors or solicited others to join in the proceedings by the hearing date, their petition was in peril of being dismissed. Nevertheless they took no action to discover possible inaccuracies in the list of creditors during the month and a half before the hearing, nor did they attempt to solicit other creditors to their cause during that time. As of the date of the oral argu-

ments in this appeal they still had not contacted any of the creditors on the list.

Proceedings such as these should be handled expeditiously. The petitioning creditors were given an adequate opportunity to protect their interests at the hearing and failed to do so. Accordingly, under the circumstances of this case, the dismissal of the petition was not an abuse of discretion.

The judgment of dismissal is affirmed.