In re NARRAGANSETT CLOTHING
COMPANY, Debtor.

Bankruptcy No. 90–10149.

United States Bankruptcy Court,
D. Rhode Island.

Aug. 17, 1992.

John Plotkin, Mintz, Levin, Cohn, Ferris, Glovski & Popeo, P.C., Boston, Mass., for trustee.

Robert D. Wieck, MacAdams & Wieck Inc., Providence, R.I., for Herrick & White, Ltd.

DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on April 15 and 23, 1992 on the Trustee's objection to the motion of Herrick & White, Ltd. for allowance of its claim in the amount of $114,735.57.

FACTS

The undisputed facts are as follows:

1.   The Debtor operated a chain of retail women's clothing stores at various locations throughout the Northeast.

2.   On or about December, 1988, Debtor employed Comprehensive Development Corporation (CDC) to solicit bids on behalf of the Debtor for fixtures of ten of the Debtor's stores.

3.   By letter dated December 30, 1988, Herrick & White submitted a proposal to CDC outlining the "prices for a 10 store contract with all materials to be purchased a[t] one time."

4.   On February 10, 1989, the Debtor placed an order, Purchase Order No. 2915, with Herrick & White to "supply all doors, hardware, millwork fixtures as per attached order Form—10 store commitment." The total cost according to the purchase order for 10 stores was $246,500.

5. On February 28, 1989, the Debtor placed an order, Purchase Order No. 2788, with Herrick & White for hosiery fixtures "as per attached Order Form—10 store commitment." Cost as per the Purchase Order for ten stores was $6,900.

6. On June 7, 1989, The Debtor placed and order, Purchase Order No. 1591, with Herrick & White for five prefinished gondola bases on casters. On June 19, 1989, the Debtor amended Purchase Order 1591 by letter, calling for a total of seven bases. The total contract price for these seven bases was $1,750.

7. On September 29, 1989, the Debtor placed an order, Purchase Order No. 1678, with Herrick & White for two glass cube bases. The contract price was $760.

8. The purchases outlined above were approved by the Debtor through its Director of Administration, William Rudolph, who executed same on behalf of the Debtor on the dates indicated on the various purchase orders.

9. Joseph Garb was appointed Chapter 11 Trustee of the Debtor on April 15, 1990.

10. The remaining fixtures still occupy several trailers on Herrick & White's premises.

11. On March 10, 1990, Herrick & White filed a proof of claim in the amount of $114,735.57.

12. On March 26, 1991, the Trustee objected to Herrick & White's claim. On April 11, 1991, Herrick & White filed its opposition to the Trustee's Objection, following which, on July 29, 1991, Herrick & White filed the instant Motion for Order of Allowance of Claim. Although we are mindful of the somewhat similar factual background in our recent decision in *In re Narragansett Clothing Co.*, 138 B.R. 354 (Bankr.D.R.I.1992), the instant dispute is resolved on different grounds.

## DISCUSSION

■ A proof of claim properly filed is prima facie evidence of its validity and amount. Fed.R.Bankr.P. 3001(f). If, as was done here, an objection to claim is filed, the initial burden of producing evidence to rebut the prima facie effect of the claim is on the objecting party. *In re Frederes*, 98 B.R. 165, 166 (Bankr. W.D.N.Y.1989). The Trustee therefore was obligated to rebut Herrick & White's claim, with evidence sufficient to demonstrate that a bona fide dispute exists. *Id.* at 167. Mere denial of the claim's validity or amount is not sufficient to meet that burden. *Id.* (citing *In re Equipment Serv., Ltd.*, 36 B.R. 241, 244 (Bankr.D.Alaska 1983)), and not until that obligation is met does the burden of production shift to the claimant.

■ The Trustee does not, and cannot in good faith contest the validity of the contract in question, and his complaint, mainly in the nature of not having been "satisfied as to the full amount due under the contract," is insufficient to shift the burden of production.[1] Although the burden of persuasion remains on the claimant, we find that Herrick & White, through adequate documentation, has established to our satisfaction that its claim is valid in all respects. *See In re Lenz*, 110 B.R. 523, 525 (D.Colo. 1990); *In re Fontanez*, 113 B.R. 136, 138 (Bankr.W.D.1990).

The state tax portion of Herrick & White's claim is also allowed in full, with the exception that Herrick & White is accountable to the Trustee for its share of tax based on the ultimate distribution made to Herrick & White.

■ Finally, at no time during the pleading and pre-trial stage, nor at the hearing on the merits, has there been any discernable or justifiable reason for the Trustee to litigate this matter. While we do not, with the benefit of hindsight, like to second guess the litigants in such matters, here, with or without hindsight, there was never any reasonable basis upon which the Trustee should have incurred legal expense

---

1. Although we waited patiently, no evidence whatsoever in support of his position was forthcoming by the Trustee either in direct or cross-examination of any witness, nor in any exhibit.

**584**

to the estate in litigating this matter.[2] Because of the total absence of any merit in the Trustee's position, Herrick & White's motion for sanctions is granted, and the full amount of its necessary and reasonable attorneys' fees herein are awarded against the Trustee and his attorneys, and payment of said sanctions, of course, should not come from estate funds. *See Armstrong v. Norwest Bank, Minneapolis, N.A.,* 964 F.2d 797, 803 (8th Cir.1992). Herrick & White is instructed to submit its bill for legal services in connection with litigating this matter, and if the parties cannot agree as to the amount, a hearing will be scheduled.

Accordingly, the Trustee's objection to claim is OVERRULED; Herrick & White's Motion for Allowance of its Claim in the amount of $114,735.57 is GRANTED; and Herrick & White's Motion for Sanctions is GRANTED. Finally, for reasons now obvious, Joseph Garb and his counsel are advised not to seek compensation for services rendered in connection with this proceeding.

Enter Judgment consistent with this opinion.

---

**2.** Accordingly, we find specifically that the Trustee and his attorneys failed to make a reasonable inquiry into the factual and legal basis for his objection to Herrick & White's claim. *See Cullen v. Darvin,* 132 B.R. 211 (D.Mass. 1991). Accordingly, Fed.R.Bankr.P. 9011 sanctions are appropriate with respect to the Trust-

ee's attorneys. *See Anderson v. McGowan (In re Anderson),* 128 B.R. 850 (D.R.I.1991). Through the Courts' inherent power, sanctions are also appropriate against the Trustee. *See Chambers v. Nasco, Inc.,* —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).