### In re Robert A. PRICE and Catherine E. Price, Debtors.

### Bankruptcy No. 5–96–00659.

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 11, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

James Watt, Allentown, PA, for debtors.

William G. Schwab, Lehighton, PA, Trustee in Bankruptcy.

### OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On August 21, 1996, the United States Trustee filed a Motion to Dismiss the case of Robert and Catherine Price because the Debtors failed to list the dates the claims were incurred on their Schedule F–Creditors Holding Unsecured Nonpriority Claims. Despite a request to do so, the Debtors have refused to file an amended Schedule F unless the United States Trustee demonstrates a legitimate use for the information requested. The Debtors, in their brief, have compared the United States Trustee to a "bully in a suit and tie."

It is unfortunate that the issue has devolved into name-calling. The United States Trustee has simply moved to dismiss this case because the Debtors have submitted an incomplete Schedule F lacking the "date claim was incurred...."

At hearing, the United States Trustee framed the issue as follows: "Does the Debtor have a responsibility to file complete schedules?" The short answer is "yes!" That, however, does not answer the question as to the ramifications of that decision, nor does it necessarily resolve the specific Motion to Dismiss filed by the United States Trustee.

11 U.S.C. § 521(1) lists among the duties of a debtor, the requirement that a debtor, "file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs...." Federal Rule of Bankruptcy Procedure 9009 mandates the use of the Official Forms "used with alterations as may be appropriate." According to

the Advisory Committee Note, "The use of the Official Forms has generally been held subject to a 'rule of substantial compliance.'"

The United States Trustee bases it's Motion on 11 U.S.C. § 707(a)(3) which reads as follows:

707. Dismissal

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—...

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the *information* required by paragraph (1) of section 521, but only on a motion by the United States trustee. (Emphasis ours.)

Certainly "the information required by" 11 U.S.C. § 521(1) includes those matters requested on the Schedules set forth in Official Form 6. The Trustee argues since this information is incomplete, the Court, *as a matter of law,* must dismiss the case.

Section 707(a) uses the permissive "may" rather than the mandatory "shall" when discussing the options available to the court in addressing a debtor's failure to file appropriate documents. A dismissal under 11 U.S.C. § 707(a) can only occur "for cause." Under this section, dismissal rests within the sound discretion of the court. *In re Eastman,* 188 B.R. 621, 624 (9th Cir. BAP1995). Consequently, the filing of an incomplete schedule, in itself cannot automatically result in dismissal. Nevertheless, there certainly must be sufficient information for the trustee to administer the case. *In re Moses,* 792 F.Supp. 529, 532 (E.D.Mich.1992).

While the United States Trustee appears to challenge the wisdom of the Advisory Committee's recommendation that substantial compliance is sufficient to satisfy the 11 U.S.C. § 521(1) requirements, the Court notes that literal compliance with the Official Schedules is the exception rather than the rule. For example, in Schedule B–Personal Property, the debtor is asked for a "description" of "household goods and furnishings including audio, video, and computer equipment." Rarely are these items listed in such

detail that an appreciation occurs as to what exactly the debtor owns. The same holds true about the debtor's "wearing apparel" which the debtor is specifically requested to describe.

With specific regard to the omission complained of by the United States Trustee, as the debtor pointed out at the time of hearing, the date a claim was incurred as asked for on Schedule F–Creditors Holding Unsecured Nonpriority Claims is rarely completed in cases of credit cards. This is probably due to the numerous purchases and interest accruals that would have to be accounted for in order to comply, literally, with the information requested on the Schedule. This detail would also be necessary anytime there is an open account.

A motion to dismiss is a serious matter affecting the rights of the debtor and all creditors. At a hearing on a motion to dismiss, the court is required to consider the impact the dismissal will have on the various entities and ascertain which direction satisfies the best interest of all parties. Inasmuch as this Motion has not been noticed to all creditors pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(4), the Motion cannot be granted. Even if notice was properly circulated, the Motion would be denied because the United States Trustee has failed to show how the incomplete filing has hampered the administration of the case. The Court notes that on January 7, 1997, the panel trustee, appointed to administer the case, filed a Trustee's Report of No Distribution concluding there was "no property available for distribution from the estate over and above that exempted by law."

Notwithstanding this conclusion, and to achieve whatever purposes the United States Trustee may have for such information, the Court, under 11 U.S.C. § 105(a), orders the Debtors, Robert A. and Catherine E. Price, to file a supplement to Schedule F identifying the various dates that claims were incurred.