**David EFRON, et al., Appellants,**

v.

**Ariel E. GUTIERREZ, Enrique H. Gutierrez, Appellees.**

Nos. 97–02066(DRD), 97–2067(DRD), 97–2361(DRD), 97–2362(DRD), 97–2363(DRD), 97–2364(DRD), 97–2365(DRD), 97–2366(DRD) and 97–2814(DRD).

Bankruptcy Nos. 95–2187 (ESL), 95–2188 (ESL).

United States District Court, D. Puerto Rico.

Aug. 31, 1998.

John H. Genovese, Kelley, Drye & Warren, LLP, Miami, FL, Maria De los Angeles Gonzales, Rafael Gonzalez–Velez, Hato Rey, PR, Andrew R. Herron, Homer & Bonner, P.A., Miami, FL, Victor P. Miranda–Corrada, San Juan, PR, Edgardo Munoz–Maldonado, Garcia & Fernandez Law Offices, Stuart A. Weinstein–Bacal, Indiano, Williams & Weinstein–Bacal, Hato Rey, PR.

### OPINION AND ORDER

DOMINGUEZ, District Judge.

Pending before the Court are several consolidated appeals related to the involuntary bankruptcy of Ariel and Enrique Gutierrez. These appeals present interrelated but distinct issues which will be addressed seriatim. The conclusions of the Court are summarized in the following chart:

| Parties | Case Number | Appeal Decision | Appealed Order |
|---|---|---|---|
| Plaza Inmaculada S.E. v. Ariel Gutierrez | 97–2066 | Affirmed. | 11/22/97 Opinion and Order |
| Plaza Inmaculada S.E. v. Enrique Gutierrez | 97–2067 | Affirmed. | 11/22/97 Opinion and Order |
| David Efron v. Enrique Gutierrez | 97–2361 | Reversed and remanded for proceedings consistent with opinion | 6/25/97 Opinion and Order |
| Bailey Hunt & Jones v. Enrique Gutierrez | 97–2362 | Reversed and remanded for proceedings consistent with opinion. | 6/25/97 Opinion and Order |
| Compania Franco–Panamena de Inversiones v. Enrique Gutierrez | 97–2363 | Reversed and remanded for proceedings consistent with opinion. | 6/25/97 Opinion and Order |
| David Efron v. Ariel Gutierrez | 97–2364 | Reversed and remanded for proceedings consistent with opinion. | 6/25/97 Opinion and Order |
| Bailey Hunt & Jones v. Ariel Gutierrez | 97–2365 | Reversed and remanded for proceedings consistent with opinion. | 6/25/97 Opinion and Order |
| Compania Franco–Panamena de Inversiones v. Ariel Gutierrez | 97–2366 | Reversed and remanded for proceedings consistent with opinion. | 6/25/97 Opinion and Order |
| David Efron, Plaza Inmaculada v. Enrique Gutierrez, Ariel Gutierrez | 97–2814 | Judgment vacated. | 9/15/97 order and 9/18/97 Judgment |

## I. BACKGROUND

The bankruptcy proceedings herein arose from complicated business transactions and litigation which stretch back more than a decade. Appellee Ariel Gutierrez and his brother, Enrique Gutierrez (together, the Gutierrez), were responsible for the design of a condominium complex that was part of a construction project known as Plaza Inmaculada. The Gutierrez were responsible for the inspection and supervision of the construction. Appellant Plaza Inmaculada, S.E. (Plaza Inmaculada) and other interested entities have alleged that the contractor, under the supervision of the Gutierrez, omitted from the building's construction thousands of cross-ties, building construction materials used for structural support that were allegedly required for the safe construction of the condominium building. They alleged that the cross-ties were required by the applicable Puerto Rico building code. Each opposing party alleged that another party had approved the omission of the cross-ties. The administrative agency charged with issuing the necessary building permits (ARPE) with-

held certification of the building until certain adjustments were made to the building. The owner and building corporation alleged that the Gutierrez were responsible for the failure to include the cross-ties in the building. The Gutierrez disputed these allegations.

The Gutierrez initiated litigation against David Efron (Efron) and Plaza Inmaculada in the Superior Court of Puerto Rico for breach of agreement and collection of fees. (KDC 91–1048.) Efron and Plaza Inmaculada counterclaimed for over $9,000,000 in damages based on claims of negligence, breach of contract, and other actions. Efron and Plaza Inmaculada's counterclaim was based on the absence of the required cross-ties in the construction project. While the state court litigation was pending, proceedings before ARPE were going forward. Efron and Plaza Inmaculada moved the Superior Court for a provisional remedy which would permit Efron and Plaza Inmaculada to add the cross-ties to the building, with the ultimate responsibility for these allegedly necessary repairs to be assessed later in the litigation. The Superior Court granted the requested relief but stated that the administrative agency ARPE could better assess the cross-ties issue.

Before the administrative agency, the parties argued as to the elements of construction were necessary to complete the building safely, and the identity of the party responsible for the omission of the cross-ties. ARPE issued several decisions, and the Gutierrez sought review of these decisions before the Puerto Rico Superior Court and Supreme Court. (KDC 94–0408, KDC 94–0483.) The Superior Court and Supreme Court affirmed ARPE's order. Plaza Inmaculada then presented a proposal to ARPE in order to obtain approval of the building, made the proposed changes to the structure and obtained ARPE's certification of the building. Bankruptcy Claims One and Two, which are the subjects of this appeal, are based in part on the costs of the ARPE approval process and the construction performed in order to obtain ARPE approval, as well as on the costs of obtaining a consulting architect's evaluation of the building's structural integrity. The

Gutierrez allege that Plaza Inmaculada obtained the ARPE approval based on work done by the Gutierrez, and not because of any alleged improvements made to the building. They allege that the ARPE-approved changes made by Plaza Inmaculada were unnecessary, as was the consulting architect's report.

On April 7, 1995, David Efron, Plaza Inmaculada, and Bailey Hunt & Jones (BHJ)[1] filed involuntary petitions against the Gutierrez with the Bankruptcy Court. On April 20, 1995, the petitioning creditors filed a request for an order directing debtors to comply with Fed.R.Bank.P. 1003, which requires debtors to prepare and submit a list of their creditors. Discovery commenced on April 21, 1995, although depositions were repeatedly postponed. On July 21, 1995, the Court issued an order limiting discovery regarding other creditors. The Gutierrez did not have to file lists of their creditors until and unless an answer was required of them.

Evidentiary hearings were held in August 1995 with regard to debtors' motion to dismiss based on bad faith filing of the petitions and a bona fide dispute defense. Legal memoranda on the bad faith issue were submitted in October 1995. On May 3, 1996, the Bankruptcy Court issued an opinion holding that the petitions were not filed in bad faith. On August 7, 1996, legal memoranda on the issue of the bona fide dispute were filed. On November 22, 1996, the Bankruptcy Court issued an Opinion and Order ruling that Appellant Plaza Inmaculada was disqualified as a petitioning creditor because its claims were subject to the bona fide dispute defense raised by appellees. The Court ordered the debtors to answer the petition and to comply with Fed.R.Bankr.P. 1003(b) within 20 days of the date of entry of the order, December 12, 1996. The Court ordered petitioning creditors to have any potential additional creditor file to join the petition within fifteen days of the debtors' production of their creditor lists. On December 13, 1996, debtors filed an answer and a motion to defer compliance with Rule 1003. On January 3, 1997, the Bankruptcy Court denied the deferral

---

1. BHJ asserts a claim for unpaid legal fees.

motion. The petitioning creditors moved to strike the defense that three or more creditors were necessary to sustain the petition because the debtors had failed to comply with Rule 1003.

On March 6, 1997, the debtors filed an informative motion accompanied by a list of creditors. On March 20, 1997, the petitioning creditors advised the Bankruptcy Court that debtors' motion failed to comply with Rule 1003. The petitioning creditors requested that they be granted 45 days, rather than the 15 days permitted by the Bankruptcy Court's November 22, 1996 order, to solicit joinder of other creditors. On March 25, 1997, the debtors submitted a verified list of creditors thereby allegedly complying with Rule 1003. According to the debtors, Ariel Gutierrez had twenty-three creditors when the case was filed, and at least fourteen or fifteen had received payments from the debtors since the filing.[2] Enrique Gutierrez listed twenty-one creditors, at least twelve of whom had received payments from debtors since the filing of the involuntary petition. The debtors' lists of creditors omitted Compania Francopanamena de Inversiones (CFI), without explanation. The Gutierrez deny that this omission was intentional.[3] The proceedings continued with Efron and BHJ seeking to recruit and join an additional creditor. On April 10, 1997, debtors filed a renewed motion to dismiss, to which the petitioning creditors objected on April 21, 1997.

On April 30, 1997, Compania Francopanamena de Inversiones (CFI) filed a motion to join as a petitioning creditor. On May 2, 1997, the Court denied Plaza Inmaculada's motion for reconsideration and for additional findings of fact, which is now on appeal before this Court. On May 6, 1997, the Bankruptcy Court issued an order which declared moot petitioning creditors' January 3, 1997 motion, declared moot debtors' request for a thirty-day extension, and denied the thirty-day enlargement of the time to locate petitioners to join the petition.

On July 3, 1997, the Bankruptcy Court issued an opinion and order dismissing the involuntary petitions filed or joined by appellants, which are the subject of appeal by Efron, BHJ and CFI before this Court.

## II. ANALYSIS

### A. Jurisdiction

This Court has appellate jurisdiction over this case pursuant to 28 U.S.C. § 158(a)(1) (1998); Fed.R.Bankr.P. 8001(a). A party may appeal as of right from a bankruptcy court's final judgment, order, or decree. 28 U.S.C. § 158(a)(1) (1998).

### B. Standard of Review

■ Bankruptcy Rule 8013 provides that "[o]n appeal the district court … may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013. *See In re LaRoche,* 969 F.2d 1299, 1301 (1st Cir.1992). Findings of fact in bankruptcy proceedings are clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 394–95, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). In contrast, a bankruptcy court's conclusions of law are reviewable de novo, by analogy to "the familiar standards of review normally employed in direct appeals to the courts of appeals in civil cases generally." *In re LaRoche,* 969 F.2d at 1301; *see also Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994) (citing *In re LaRoche* ); *In re DN Assocs.,* 3 F.3d 512, 515 (1st Cir.1993); *In re Gonic Realty Trust,* 909 F.2d 624, 626 (1st Cir. 1990).

■ Discretionary decisions are reviewed under an abuse of discretion stan-

---

2. In their briefs the parties disagree as to the number of Gutierrez creditors who had received post-petition payments.

3. Appellants assert that at least two other creditors were omitted from the debtors' lists of creditors.

dard. *In re Gonic,* 909 F.2d at 626 ("[d]iscretionary rulings made pursuant to the Bankruptcy Code are reviewable only for abuse of discretion"). A decision committed to the discretion of the bankruptcy court will only be reversed if the record demonstrates "that the trial judge indulged a serious lapse of judgment." *Texaco Puerto Rico, Inc. v. Department of Consumer Affairs,* 60 F.3d 867, 875 (1st Cir.1995) (citations omitted).

### C. *Plaza Inmaculada S.E. v. Ariel & Enrique Gutierrez (97–2066, 97–2067)*

Appellant Plaza Inmaculada appealed the Bankruptcy Court's order that Plaza Inmaculada could not be a petitioning creditor because two of its claims were subject to a bona fide dispute defense. As a preliminary matter, Appellees moved this Court to dismiss the herein appeal as moot. (Docket No. 20.) Appellees argue that the appeal is moot because during the pendency of this appeal, the Superior Court of Puerto Rico denied Plaza Inmaculada's motion for summary judgment against a party controlled by the Gutierrez in a related proceeding. Appellees argue that this finding proves that the two bankruptcy claims at issue here are subject to a bona fide dispute. The determination of the Superior Court, while instructive and potentially persuasive, is not conclusive as to this Court's determination whether a bona fide dispute exists. As Plaza Inmaculada's motion for summary judgment did not ask for summary judgment against the Gutierrez, this Court cannot find that the Superior Court has conclusively ruled on the question of whether the Plaza Inmaculada claims against the Gutierrez raise a genuine issue of law or fact. The appeal is therefore not moot.

■ Plaza Inmaculada raised three issues on appeal:

1. The Bankruptcy Court erred in concluding that Plaza Inmaculada's claims were subject to bona fide dispute.

2. The Bankruptcy Court erred in denying the additional findings of fact and the reconsideration requested by appellant regarding the above order.[4]

3. The Bankruptcy Court erred in denying the extension of time sought by petitioning creditors to conduct discovery and seek additional joinders to the involuntary petition.[5]

(Docket No. 1, Transmittal of Record on Appeal.)

■ Section 303(b) of the Bankruptcy Code prescribes that an involuntary bankruptcy case may be commenced by three or more creditors holding claims that are not contingent and that are not subject to a bona fide dispute. 11 U.S.C. § 303(b) (1998). Under equitable insolvency, the petitioners bear the burden of proving that the debtor is not paying his or her bona fide debts. In making such a determination, the Bankruptcy Court should not consider the failure of the debtor to pay debts which are subject to a bona fide dispute. 11 U.S.C. § 303(h)(1) (1998). For example, a bona fide dispute exists when the debtor has not admitted liability to the petitioning creditors nor have the creditors proven the debtor's liability. *In re Reid,* 773 F.2d 945, 947 (7th Cir.1985).

■ The term "bona fide" is not defined in the Bankruptcy Code, and the First Circuit has not determined what constitutes a "bona fide dispute". Other Circuits have adopted an objective test for determining whether a dispute is bona fide.[6] *In re Eastown Auto Co.,* 215 B.R. 960, 965–66 (6th Cir. BAP 1998). A Bankruptcy Court must evaluate whether a petitioning creditor's claim is subject to a bona fide dispute. Under the objective standard, the Court asks whether there

---

4. As to the issue of additional findings of fact, Plaza Inmaculada has waived this argument by failing to brief the issue in the first memorandum. *Marques v. Fitzgerald,* 99 F.3d 1, 3 n. 5 (1st Cir.1996); *Playboy Enter. v. Public Serv. Comm'n of Puerto Rico,* 906 F.2d 25, 30 (1st Cir.1990).

5. Question Three is the subject of appeals by other parties which have been consolidated herein. This question is addressed below in Section IID.

6. For a discussion of the different standards, see Lawrence Ponoroff, *Involuntary Bankruptcy & the Bona Fides of a Bona Fide Dispute,* 65 Ind. L.J. 315, 335–49 (1990).

is a genuine issue of fact bearing upon a debtor's liability, or a meritorious contention as to the application of law to the undisputed facts. 2 Collier on Bankruptcy ¶ 303.03[2][b] (Lawrence P. King 15th ed. rev.), citing *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Ctrs., Inc.*, 865 F.2d 65 (3d Cir.1989); *Matter of Busick*, 831 F.2d 745 (7th Cir.1987); *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540 (10th Cir.1988).

The petitioning creditor must establish a prima facie case that no bona fide dispute exists. If the petitioning creditor is successful, the burden of proof shifts to the debtor to present sufficient evidence to prove that a bona fide dispute does in fact exist. *In re Eastown Auto Co.*, 215 B.R. at 964. Mere denial by the debtor of the claim's validity or amount is not sufficient for the Court to find that a bona fide dispute exists. *In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr.D.R.I.1992).

Under the Bankruptcy Code, an involuntary petition such as the one at issue in this matter must be filed by a minimum number of creditors with certain kinds and amounts of claims. If a debtor has twelve or more creditors, three petitioners are necessary. 11 U.S.C. § 303(b)(1) and (2) (1998). Creditors whose claims are subject to a bona fide dispute may not be counted as eligible petitioners in the filing of an involuntary petition. 11 U.S.C. § 303(b)(1). A debtor's assertion of a counterclaim against a petitioning creditor does not make the claim subject to a bona fide dispute. *See* 2 Collier, ¶ 303.03[2][b][iii]. Without the requisite number of petitioners, the petition cannot be maintained. *See* 2 Collier, ¶ 303.04[8]. However, an involuntary petition that is defective because it has an insufficient number of petitioning creditors, or because one of the petitioning creditor's claims is disqualified, may be cured as of right. *In re Crown Sportswear, Inc.*, 575 F.2d 991, 993 (1st Cir.1978). Creditors may join in the petition with the same effect as if they were petitioning creditors. 11 U.S.C. § 303(c) (1998). If one creditor is disqualified because his or her claim is subject to a bona fide dispute, the Bankruptcy Court may permit the remaining creditors to seek an additional creditor to join the petition. 2 Collier, ¶ 303.09.

The Bankruptcy Court adopted the objective standard as the appropriate standard by which to assess whether Appellant's claims are subject to a bona fide dispute. No party objected to the Bankruptcy Court's selection of standard, and this Court finds it to be the most appropriate standard. Applying the objective standard, the Court must determine whether there is a factual or legal dispute regarding the validity of the debts allegedly owed by the Gutierrez to Plaza Inmaculada. The first claim (Claim One) in the present case was filed by Plaza Inmaculada in the amount of $3,030,300. The claim is the subject of litigation in the Superior Court of Puerto Rico. (KDC 91–1048.) Petitioning creditor Plaza Inmaculada argues that this claim has already been adjudicated and is thus no longer subject to a bona fide dispute. Appellant argues that David Efron and Plaza Inmaculada moved the Superior Court for a provisional remedy which was so ordered, and that the Superior Court's order provided that the Gutierrez would be assessed the costs of the remedy if they did not overturn the decision of ARPE. Plaza Inmaculada presented a proposal to ARPE which was approved, and after the repairs were done, ARPE certified the building. The Gutierrez challenged ARPE's decision to issue the provisional order before ARPE, the Superior Court and the Supreme Court. They lost at each stage of review.

Appellees herein argue that the ARPE decision was a prima facie one, which has been nullified by subsequent actions taken by ARPE. The Gutierrez argue that the ARPE decision was not a final one, but is subject to ongoing litigation. Most importantly, ARPE's issuance of the certification of the building required the Gutierrez's certification, raising the question of whether the repairs were ever necessary. The Bankruptcy Court agreed with the Gutierrez and found that Plaza Inmaculada's Claim One is subject to a bona fide dispute. "The Superior Court litigation, which was stayed after the filing of these involuntary petitions, is an ongoing proceeding, the final determination of which

will affect the ultimate liability of the parties therein." (Br. Docket No. 104, at 7.)

The Bankruptcy Court also noted that a bona fide dispute may exist when a creditor's judgment against the debtor is subject to a claim by the debtor that could entirely offset the creditor's claim. In this case, Claim One was first raised as a counterclaim in a suit initiated by the Gutierrez against Plaza Inmaculada and others. It appears that the Bankruptcy Court found that Claim One is subject to a bona fide dispute defense in part because the Gutierrez's claim might offset the Plaza Inmaculada claim. Plaza Inmaculada disputes this conclusion because the Plaza Inmaculada claim may be significantly greater than the claim asserted by the Gutierrez such that the Gutierrez's claims cannot offset the Plaza Inmaculada claims.

■ The Court agrees with the Bankruptcy Court that Plaza Inmaculada's claim is subject to a bona fide dispute defense. Plaza Inmaculada alleges that the Gutierrez negligently built the Tower. The Gutierrez deny the allegation, and claim that Plaza Inmaculada failed to pay monies owed to the Gutierrez. Plaza Inmaculada claims that the issues have already been adjudicated by ARPE and the Puerto Rico Courts and should not be replayed here. Plaza Inmaculada is wrong when it claims that the courts have already determined the relevant issues. The ARPE order and related appeals dealt with the interim solution of fixing the building so that development of the project could continue. The Superior Court's order specifically stated: "The cost of repairing the building pursuant to ARPE's requirements, for the time being, shall be paid by Efrón; without prejudice to his being able to recoup them from Gutierrez & Gutierrez, depending on the outcome of the arbitration proceedings and of this lawsuit." (Superior Court August 20, 1993 order (translation).) The Superior Court did not make any assessment regarding negligence or the affirmative defenses of the Gutierrez in this decision. The Superior Court also included the following in its resolution and order: "This Resolution and Order does not prejudice the parties' allegations and the rights that might assist

them in the process and eventual resolution of the case pending before the Court." (Superior Court August 20, 1993 order (translation).) This statement certainly suggests that the Superior Court's interim resolution was not dispositive of the issues as the final determination. No res judicata or collateral arguments arising from this decision stand in the way of the Gutierrez disputing Plaza Inmaculada's claim that the Gutierrez are to blame for Efron and Plaza Inmaculada's difficulties in obtaining the necessary permits.

Additionally, the Gutierrez have raised a potentially meritorious argument that the subsequent determinations of the Superior Court undermine its earlier findings. Plaza Inmaculada argues that the Court should look to the merits of the Gutierrez's claims to determine if there is in fact an underlying bona fide dispute. Based on the record before this Court, it appears that the Gutierrez have raised a genuine issue of fact as to which party approved the construction of the building without cross-ties and a genuine question of law as to whether continuing to build without the cross-ties was in fact negligent. The Court therefore finds that Plaza Inmaculada's Claim One is subject to a bona fide dispute defense. The Bankruptcy Court's determination that Plaza Inmaculada's Claim One did not qualify Plaza Inmaculada to be a petitioning creditor is affirmed. The Bankruptcy Court's denial of reconsideration is also affirmed.

■ Appellant's Claim Two is for $29,325.00, the amount paid by Plaza Inmaculada to Milton Martinez for professional fees during the ARPE and Superior Court proceedings. The Superior Court's August 20, 1993 order stated, "If ARPE's order survives, the costs involved in the preparation of the 'anteproyecto' [7] shall be paid by Efrón and debited to Gutiérrez & Gutiérrez. If ARPE's order is revoked or were to be revoked on appeal, then the costs of the 'anteproyecto' shall be paid in full by Efrón." (Superior Court August 20, 1993 order (translation).) In an October 21, 1993 opinion, the Superior Court stated the following:

7. "Draft work" (translation).

(a) It is evident that a conflict of interest and a complete lack of understanding and communication exists between Efrón and the architect [Gutierrez]. Their differences are unsalvageable. This means that it is not possible for them to appear jointly before [ARPE] in support of the same position.

(b) Being evident that they will not issue a joint report before ARPE, they are both authorized to submit separate reports.

(c) The Court cannot prohibit any of the parties from expressing their respective positions before ARPE, especially when among them there exist differences of opinion and conflicts regarding certification of the building and pending causes of action.

(Superior Court October 20, 1993 order (Br. Ex. 18) (translation).)

When the two decisions are read together, it appears that the Superior Court first envisioned that the parties would appear together before ARPE, presenting a single report, but that by October 21, 1993, the Superior Court determined that a joint appearance would be impossible. The Superior Court then authorized two reports, but did not specifically allocate costs. Reading these two opinions together raises a question of law as to which party is to pay for the Martinez report; did the second Superior Court opinion supersede the first with regard to payment for the report? This interpretation is best made by the court that issued the decisions. The Court therefore affirms the Bankruptcy Court's finding that Claim Two is subject to a bona fide dispute defense because the Gutierrez have raised a genuine

question of law as to the Superior Court's order upon which the claim is based.[8] The denial of reconsideration is also affirmed.

There is no merit to Appellant's contentions that the Bankruptcy Court applied the incorrect standard of review, required that the petitioning creditors hold a final judgment in order to petition, or based its finding of a bona fide dispute solely on the existence of potential setoffs held by the Gutierrez against Plaza Inmaculada.

### D. Efron, BHJ and CFI v. Ariel and Enrique Gutierrez (97–2361, 97–2362, 97–2363, 97–2364, 97–2365, 97–2366)

Efron, BHJ and CFI raise the following points of law on appeal:

1. The Bankruptcy Court erred in denying the extension of time to join additional petitioning creditors.[9]

2. The Bankruptcy Court erred in dismissing the petition upon a defense grounded on untimely, incomplete and inaccurate list of creditors.

3. The Bankruptcy Court erred in not accepting and/or considering the joinder by Compania Franco Panamena de Inversiones.

4. The Bankruptcy Court erred in not permitting discovery on the facts upon which debtors sought and obtained dismissal.[10]

5. The Bankruptcy Court erred in dismissing the petition without conducting an evidentiary hearing regarding the amount of creditors needed to maintain the petition.

6. The Bankruptcy Court erred in failing to enter an order of relief in the Ariel E. Gutierrez bankruptcy upon his failure to timely answer the petition.

---

**8.** The Court does not affirm the Bankruptcy Court's decision based on the reasoning that the Plaza Inmaculada claims were subject to a bona fide dispute because they might be offset by the Gutierrez's claims against Plaza Inmaculada.

**9.** The Gutierrez argue that this issue is not properly before the Court on appeal by any appellant other than Plaza Inmaculada because it was determined by the Bankruptcy Court's May 6, 1997 order, rather than the July 3, 1997 order on appeal by Efron, BHJ, and CFI before this Court. This extension issue was raised but not briefed by Plaza Inmaculada in its appeal. Appellants argue that the issue is intrinsically part of the Bankruptcy Court's decision in July 1997 to deny

Compania Franco Panamena de Inversiones' motion to join the petition. The Court finds that Appellants are correct and will resolve the issue.

**10.** The Gutierrez argue that the Bankruptcy Court never denied petitioning creditors' motion for discovery. They also argue that the petitioning creditors did not seek discovery after the debtors provided their creditor lists. When the debtors' lists were provided, the petitioning creditors already had requested discovery several times. By dismissing the petition without determining the motion for discovery, the Bankruptcy Court effectively denied petitioning creditors' discovery requests.

7. The Bankruptcy Court erred in not following the plain language of Code Section 303 which mandated that certain creditors be excluded in the fewer–than–12 Count.

8. The Bankruptcy Court erred in concluding that debtors have established that the petition had to be filed by three or more creditors.

9. The Bankruptcy Court erred in not denying the Motion to Dismiss upon the ground that the same had become moot when Compania Franco Panamena de Inversiones joined the petition.

10. The Court erred in dismissing the petition without notice to all creditors.

(Docket No. 1, Transmittal of Record on Appeal.)

### Points 1 and 4

The first and fourth issues raised by Appellants is their claim that the Bankruptcy Court erred in denying the extension of time sought by petitioning creditors to seek discovery and seek additional joinders to the involuntary petition. On March 25, 1997, the Gutierrez provided the Bankruptcy Court with a verified list of creditors. According to the Bankruptcy Court's November 22, 1996 order, the petitioning creditors had fifteen days (until April 9, 1997) to join additional creditors to the petition. The Bankruptcy Court denied Efron and Plaza Inmaculada's motion for an extension to conduct discovery regarding the Gutierrez's creditors.

 This Court affirms the Bankruptcy Court's order with regard to creditors Efron and Plaza Inmaculada. Decisions regarding discovery in bankruptcy proceedings are reviewed under an abuse of discretion standard. *See, e.g., In re DG Acquisition Corp.,* 151 F.3d 75, 79 (2d Cir.1998); *Beard v. Braunstein,* 914 F.2d 434, 436 (3d Cir.1990). First, it must be noted that Efron and BHJ

have not appealed the Court's December 1996 order which set a fifteen-day schedule for Appellants' joinder of additional creditors once debtors' produced their creditors lists. These two parties were therefore well aware that they would have to conduct discovery on a tight schedule. Second, Efron and BHJ commenced this involuntary proceeding in 1995, giving them ample time to investigate debtors' creditors. As of November 22, 1996 when the Bankruptcy Court issued its order stating that some of petitioning creditors' claims were subject to the defense of bona fide dispute, the petitioning creditors were aware that they lacked the three creditors necessary to proceed with the involuntary bankruptcy. The petitioning creditors therefore had almost five months to investigate and recruit additional creditors. *See Hydromechaniki, S.A. v. MacDonald Construction Co.,* 511 F.2d 475, 476–77 (8th Cir.1975) (affirming dismissal of involuntary petition in bankruptcy when creditors took no action during six-week period to solicit creditors); *In re Penn Central Trans. Co.,* 771 F.2d 762, 767–69 (3rd Cir.1985) (denying creditor permission to pursue claims in antitrust case against reorganized company when creditor had received notice of proof of claim program and bar date but had chosen not to participate). The Bankruptcy Court properly exercised its discretion and case management power to deny Appellants Efron and Plaza Inmaculada's motions.

### Point 3

 CFI appeals the Bankruptcy Court's denial of CFI's motion to join the involuntary petitions.[11] The Bankruptcy Court denied CFI's motion because it was not filed before the deadline for joinder imposed by the Court on the original petitioning creditors. In its June 25, 1997 opinion and order, the Bankruptcy Court wrote, "It is clear that

---

**11.** The Gutierrez creatively argue that "Appellants err, however, in construing the Bankruptcy Court's ruling as impairing CFI's right to join as petitioning creditor in the Bankruptcy Cases. The ruling can just as easily be read as determining that David Efrón and BHJ are no longer qualified as petitioners because they failed to recruit a third petitioner within the Bankruptcy Court's allowed time frame." (Appellee's Brief,

Docket No. 8.) The Court finds this reading of the order to be extremely improbable. There is no statutory basis for finding that Efron and BHJ's status as qualified petitioning creditors is intrinsically impaired by the failure to have a third petitioning creditor join the action. It is the insufficiency of the number of such creditors that may lead to a dismissal.

CFI is trying to join the involuntary petitions at the behest of Efron and Plaza Inmaculada.... The original petitioning creditors may not now pretend that CFI has attempted to intervene completely of their own accord in order to avoid the time limitations established by this court for the joinder of additional petitioning creditors." (Br. Docket No. 154, at 6–7.) The Bankruptcy Court noted that the petitions were a matter of public record and were covered in the press such that CFI had notice of the petitions' existence before April 1997.

■■■■■ The analysis of this denial of the potential petitioning creditor's motion shifts the focus from the right of petitioning creditors already in a case to bring in new creditors to the right of a creditor outside of the action to join it. The Bankruptcy Code provides for joinder of new creditors as a matter of right: "(c) After the filing of a petition under this section [303] but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of this section, may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section." [12] 11 U.S.C. § 303(c). *See In re Crown Sportswear, Inc.,* 575 F.2d at 993 ("intervention is a matter of right unless the bankruptcy court finds the petition made in bad faith"). The only time limitations placed by the statute on petitioning creditors who seek to join a petition is that they do so before the case is dismissed or relief is ordered.[13] *Id. See In re Elsub Corp.,* 70 B.R. 797, 811–14 (Bankr.D.N.J. 1987). Clearly, CFI made its motion before either the case was dismissed or relief ordered.

The Bankruptcy Court's opinion suggests *two possible reasons* why CFI might not be

entitled to the benefit of 11 U.S.C. § 303(c). First, the Bankruptcy Court suggests that CFI, Efron and Plaza Inmaculada are so closely linked that they are actually the same parties such that CFI is not entitled to stand as a creditor in its own right. *See, e.g., In re Gilbert,* 115 B.R. 458, 461 (Bankr.S.D.N.Y. 1990) (where former separate banking entities no longer exist and have no separate organizational structure, successor in interest to three entities counted as only one involuntary petition). Second, in a related fashion, CFI had adequate notice of the pending petition through the press and the clerk's office, and through its intimate association with Efron and Plaza Inmaculada.

As to the first point, the record in this case does not establish that the petitioning creditors are so closely linked that the corporate form of CFI may be disregarded such that CFI can be equated with Efron and Plaza Inmaculada.[14] *See In re Butcher,* 32 B.R. 572, 574–76 (Bankr.E.D.Tenn.1983) (FDIC, which had two legal capacities as receiver and as corporate entity, was two entities for purpose of counting number of involuntary petitioners). As to the second point, notice to CFI through the existence of a public record or the press is not sufficient to put CFI on notice that it might have to abide by a court-imposed deadline that runs contrary to the explicit language of the relevant statute, 11 U.S.C. § 303(c). *See Elsub,* 70 B.R. at 810–14 (considering joinder petitions filed outside of court-ordered filing deadline even when petitioners had received mailing from court informing them of deadline); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314–15, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950).

Third, the fifteen days within which CFI was supposed to join the petition was sched-

---

12. For an overview of the history of the statutory joinder provision, *see In re Kidwell,* 158 B.R. 203, 210–13 (Bankr.E.D.Cal.1993).

13. Bankruptcy Rule 1003 provides that "the court shall afford a reasonable opportunity for other creditors to join the petition before a hearing is held thereon." Bankr.Fed.R.Civ.P. 1003. This Court need not assess what constitutes a

"reasonable opportunity" because no hearing was held on the CFI motion to join.

14. A determination that CFI and Appellants are so closely linked that CFI is properly considered the same entity as Efron or Plaza Inmaculada is not precluded on remand after a hearing is held. Fed.R.Bankr.P. 1017, 2002. See discussion, *infra,* at Point 10, page 318 of this opinion and order.

uled to run when the debtors complied with Rule 1003. However, the debtors never actually complied with Rule 1003 because their list of creditors never included all of their creditors—namely, CFI was omitted from that list. Thus, CFI's motion to join was timely pursuant to 11 U.S.C. § 303, and the Court's order, because any relevant time period has not begin to run.[15]

### Point 10

■ Fourth, Fed.R.Bankr.P. 1017 provides that "a case shall not be dismissed on motion of the petitioner for want of prosecution *or other cause* or by consent of the parties prior to a hearing on notice as provided in Rule 2002." Fed.R.Bankr.P. 1017 (emphasis ours). Fed.R.Bankr.P.2002(a)(4) requires that all creditors be given a twenty-day notice of a hearing on the dismissal of a petition. Fed.R.Bankr.P.2002(a)(4). Rule 1017 presumably applied to the Bankruptcy Court's dismissal of the petitions in this action.[16] The Bankruptcy Court did not hold a hearing regarding the dismissal, nor did the Court provide notice to the creditors of the impending dismissal. CFI never received such notice. Thus the Bankruptcy Court's dismissal was premature.[17] Because there are no grounds upon which to strike CFI's petition for untimeliness, the Bankruptcy Court therefore must entertain CFI's and other petitioning creditors' motions for joinder.[18]

15. It was within the discretion of the Bankruptcy Court to determine that creditors should not be granted a filing extension. The Bankruptcy Court's decision to deny an extension does not rise to the level of an abuse of discretion, as alleged by petitioning creditors.

16. There is no merit to Appellees' position that Rules 2002(a) and 1017 apply only after an order for relief has been granted. *See, e.g., In re Price*, 211 B.R. 170, 172 (Bankr.M.D.Pa.1997); *In re Taub*, 150 B.R. 96, 97–98 (Bankr.D.Ct 1993). *Jephunneh Lawrence & Assocs. Chartered*, 63 B.R. 318, 320 (Bankr.D.D.C.1986), cited by Appellees, does not suggest a different conclusion. In the *Lawrence* case, the Bankruptcy Court dismissed sua sponte when the petition was "irremediably defective." Such is not the case here.

17. The Gutierrez argue that the Court should find the Bankruptcy Court's determination not to allow CFI to join to be harmless error because CFI was not entitled to be a petitioning creditor because its claims were subject to a bona fide

### Point 6

■ Petitioning creditors claim that they were entitled to relief from the three petitioning creditor rule because debtors were late in providing their creditor lists. The Bankruptcy Court acted within its discretion to determine that the date from which debtors should file their answer should be determined by the date upon which the Court's order was entered. The rules cited by petitioning creditors in support of their argument establish dates for the filing of an answer based on service of the summons and petition, dates irrelevant in this proceeding when the date to answer following service had been tolled by various orders of the Bankruptcy Court, including debtors' motion to dismiss. In any event, petitioning creditors suffered no prejudice by this one-day delay.

### Points 5, 7, and 8

■ Petitioning creditors raise the possibility that each debtor may have less than twelve creditors who did not receive postpetition payments. If this is correct, only one creditor is necessary to maintain each petition. The Bankruptcy Court took note of the issue, but found that because of the lengthy gap in time between the filing of the petition and the order of relief, that Sections

dispute defense. The Bankruptcy Court made no determination as to CFI's claims, and there is insufficient evidence before this Court for the Court to make such a determination.

*Point 9:* This Court cannot find that the Bankruptcy Court committed error when it did not dismiss the motion to dismiss as moot once CFI had joined the petition, because the Bankruptcy Court never evaluated whether CFI could join the petition. On remand, if CFI or another petitioner is permitted to join the petition, the motion to dismiss may become moot.

18. *Point 2:* The Bankruptcy Court acted within its discretion to determine the timeliness of debtors' submissions. The Bankruptcy Court did not determine the completeness of the debtors' lists as suggested by Appellants. Instead, the Bankruptcy Court focused on the lack of a third eligible petitioning creditor. On remand, the Bankruptcy Court should, if necessary, conduct an evidentiary hearing as to the completeness of the debtors, lists of creditors, which petitioning creditors aver are incomplete.

303(b), 303(f), and 549 could not be read as eliminating those creditors who received post-petition payments from the debtor's list of creditors. The reasoning of the Bankruptcy Court seems persuasive, but there is insufficient information in the appellate record regarding when and to whom the payments were made. This Court cannot determine whether the transfers were voidable and should not be counted as debtors' creditors. Should the resolution of this issue be necessary to the determine the maintenance of the petitions on remand, an evidentiary hearing should be held as to the facts surrounding the payments and to ultimately determine the number of petitions needed to sustain the petitions.[19]

### E. Remand Order Appeal—Efron & Plaza Inmaculada v. Ariel & Enrique Gutierrez (97–2814)

Once the Bankruptcy Court had dismissed the bankruptcy proceedings for lack of a sufficient number of petitioning creditors, the Gutierrez moved for a remand order requesting that the Bankruptcy Court enter judgment remanding the adversary proceedings to Superior Court. The Bankruptcy Court noted "Granted" in a margin order on the Gutierrez's papers. On September 15, 1997, the Bankruptcy Court issued a judgment that stated in part: "Accordingly, the Court hereby ORDERS and DECREES that this adversary proceeding shall also be closed."[20] (Br. Docket No. 18.) Efron and Plaza Inmaculada appeal the entry of this judgment, as well as the denial of certain procedural relief by the Bankruptcy Court.

The issues raised in this appeal include several issues which were properly within the discretion of the Bankruptcy Court judge, and one complex issue regarding jurisdiction. *See In re Belmont Realty Corp.*, 11 F.3d 1092, 1099 (1st Cir.1993) (noting that the First Circuit has no controlling law as to when a bankruptcy court may maintain jurisdiction over pending adversary proceedings after the dismissal of a related bankruptcy proceeding). Neither the simple procedural, nor the complex jurisdictional, issues need be decided. The Bankruptcy Court's entry of judgment closing the adversary proceeding was premised on the dismissal of the bankruptcy proceedings. As this Court reverses that dismissal and remands this action for further proceedings, the judgment entered by the Bankruptcy Court was based on a now-inaccurate legal premise. The judgment entered pursuant to dismissal of the petitions is vacated.[21] The bankruptcy proceedings remain open before the Bankruptcy Court. Because of this determination, Appellants' additional grounds for appeal are moot.

### F. The May 1998 Stay

In an order of May 27, 1998, this Court granted a stay of certain Superior Court proceedings pending the outcome of the appeal. (Docket No. 27.) The Gutierrez moved for reconsideration of the stay. As this Court has determined all of the issues before it on appeal, the stay is therefore vacated. The automatic stay in bankruptcy proceedings is triggered by the remand of these proceedings to the Bankruptcy Court.

Pending before the Court are several motions, (Docket Nos. 29, 30, 31, 32, 33, 35, and 36), related to the stay issued by this Court. These motions are denied as moot.

The motion requesting an extension of time in Case 97–2362, Docket No. 3, is moot as well because Appellant filed its memoran-

---

**19.** This hearing may moot the determination of CFI's status as a petitioning creditor.

**20.** Although the Gutierrez entitled the relevant motion as a motion for remand, this Court does not find that the Bankruptcy Court's entering judgment closing an adversary proceeding is the same as an order for remand.

**21.** Appellees argue that the remand order should stand because the remand will occur irrespective of the bankruptcy cases' dismissal. (Docket No. 6, at 14–16.) Appellees reason that the removal

should not have been filed because none of the situations described in Fed.R.Bankr.P. 9027(a)(2) have occurred. An alternative to Appellees' reading of the statute would find that Appellants' removal is particularly timely because none of the periods of limitations described in the statute have begun to run. *See In re Klober*, 142 B.R. 300, 301 (Bankr.E.D.Ark.1992). The Bankruptcy Court made no findings as to these arguments, and they will not be heard on this appeal. The Appellees should present their arguments to the Bankruptcy Court.

dum and the same was considered by the Court.

### III. CONCLUSION

The decision of the Bankruptcy Court in the Plaza Inmaculada appeal is affirmed. The decision of the Bankruptcy Court in the appeals of David Efron, Bailey Hunt & Jones, and Compania Francopanamena de Inversiones is reversed and remanded for proceedings consistent with this opinion and order. The judgment entered by the Bankruptcy Court upon the dismissal of the petitions is vacated. The stay issued by this Court in May 1998 in the herein action is vacated but the automatic stay of the bankruptcy proceedings has been triggered. Pending motions Docket Nos. 29, 30, 31, 32, 33, 35, and 36 are denied as moot. The motion requesting an extension of time in Case 97–2362, Docket No. 3, is moot.

IT IS SO ORDERED.