**In re Stephen H. FOX, Sondra L. Fox, Alleged Debtors.**

**Bankruptcy Nos. 93–41281–T, 93–41282–T.**

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Oct. 19, 1993.

Jerrold G. Weinberg and Cecelia Ann Weschler, Weinberg & Stein, Norfolk, VA, for alleged debtors.

Paul K. Campsen and Donald C. Schultz, Kaufman & Canoles, P.C., Norfolk, VA, for Crestar Bank.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held on September 14, 1993, on the alleged debtors' motions for summary judgment to dismiss the involuntary chapter 7 bankruptcy petitions filed by Crestar Bank. The court took the matter under advisement following arguments of counsel. For reasons stated in this opinion the court will grant Stephen H. Fox's summary judgment motion and deny that of Sondra L. Fox.

### Findings of Fact

On June 17, 1993, Crestar Bank filed separate involuntary chapter 7 petitions pursuant to 11 U.S.C. § 303 against the alleged debtors who are husband and wife. The alleged debtors each filed an answer which included a list of creditors pursuant to Fed.R.Bankr.P. 1003(b). Stephen H. Fox and Sondra L. Fox listed 32 creditors and 19 creditors, respectively, in addition to Crestar Bank.

On July 2, 1993, the alleged debtors also filed motions for summary judgment dismissing the petitions which asserted that Crestar needed two more creditors to join in the petitions because each alleged debtor had at least 12 creditors. See 11 U.S.C. § 303(b)(1) and (2).[1]

Alleged debtor Sondra L. Fox further stated in her motion for summary judgment that Crestar's claim against her was the subject of a bona fide dispute, which also precluded Crestar's commencing an involuntary chapter 7 case against her. See 11 U.S.C. § 303(b)(1).

On September 13, 1993, an additional creditor moved to intervene in the involuntary chapter 7 petition of alleged debtor Stephen H. Fox. On that same date, two additional creditors moved to intervene in the involuntary petition of Sondra L. Fox.

### Discussion and Conclusions of Law

Summary judgment is appropriately granted if "there is no genuine issue as to any material fact and that the moving party is

1.    (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under Chapter 7 or 11 of this title—
    (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, is such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

    (2) if there are fewer than 12 such holders excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims;
11 U.S.C. § 303(b)(1)–(2).
    It should be noted that Crestar could not file a joint involuntary petition against the debtors because §§ 302 (joint cases) and 303 (involuntary cases) of the Bankruptcy Code do not provide for involuntary joint petitions in bankruptcy against a husband and wife.

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must review facts in the light most favorable to the party opposing summary judgment, and any and all inferences to be made from such facts must also be made in favor of the party opposing summary judgment. *See, e.g., Crenshaw Assocs. v. Martin (In re Martin)*, 138 B.R. 508, 510 (Bankr.E.D.Va.1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

There are two issues before the court.[2] The first is whether the holder of a small or recurring claim should be counted in determining the number of "holders" pursuant to § 303(b). If holders of small or recurring claims are included, then the total exceeds 12, and Crestar needs two more creditors to file an involuntary chapter 7 petition against each alleged debtor. Crestar and one other creditor are the only petitioners against Mr. Fox, but it has been joined by two other creditors in Mrs. Fox's case.

The second issue is whether Crestar's claim is the subject of a bona fide dispute. If it is, then Crestar is disqualified as a petitioning creditor, and as a consequence alleged debtor Sondra L. Fox's involuntary petition would lack the requisite number of creditors. This would require dismissal of the petition against her.

STEPHEN H. FOX AND SONDRA L. FOX: 12 CREDITOR THRESHOLD.

■ The parties in this case dispute the actual number of creditors for each alleged debtor. However, there is no dispute over the existence of at least 12 creditors for each alleged debtor other than Crestar. These creditors include utilities and other services, some of which amount to less than $25.00.

Crestar urges this court to adopt a *de minimis* rule which would exclude holders of small or recurring claims in determining whether an involuntary petition may be brought by a single creditor. The alleged debtors assert that all creditors should be included. There is a split of authority on the point.[3]

The only ruling in this district on the issue is in the case of *In re Reid*, 107 B.R. 79 (Bankr.E.D.Va.1989). Chief Judge Bostetter followed the reasoning of the Seventh Circuit:

Acknowledging that although there was case law adopting the *de minimis* rule, the Court noted that "regardless of how wise and salutary the exclusion of small, recurring claims might be, Congress has not specifically authorized exclusion, and in the absence of any indication that Congress intended this exclusion, we have no authority to graft it onto those [exceptions] that Congress expressly provided."

107 B.R. at 82 (quoting *In re Rassi*, 701 F.2d 627, 632 (7th Cir.1983).[4]

I will follow Judge Bostetter's precedent in *Reid*. Since the bankruptcy code does not specifically exclude small or recurring claims in § 303, I rule that the term "holder" in § 303(b)(1) and (2) includes the holders of bona fide small or recurring claims.

Therefore, since each alleged debtor has more than 12 creditors, Crestar may not file an involuntary petition by itself. Crestar

---

**2.** Crestar also argues that the doctrine of equitable estoppel should apply to the debtors. This argument stems from statements and assertions made by the alleged debtors during workout negotiations with Crestar concerning the total number of creditors involved. Crestar claims that its reliance on those assertions in the preparation of the involuntary petitions serves to estop the alleged debtors from now claiming the existence of more than 12 creditors.

I believe this argument has no merit, and I will not address it in the body of this memorandum opinion.

**3.** The Fifth Circuit has ruled that small or recurring claims should not be counted to defeat an involuntary petition by a single petitioning creditor, while the Seventh, Eighth and Ninth Circuits have ruled that small or recurring claims may defeat an involuntary petition by a single petitioning creditor. *See* 2 Lawrence P. King, *Collier on Bankruptcy* ¶ 303.08[12][d] (15th ed. 1993) (generally discussing the disparity of treatment of small and recurring claims).

**4.** The *Rassi* decision held open the possibility that small or recurring claims could be excluded if they were incurred or maintained as part of a scheme to avoid proper application of the bankruptcy laws. *In re Rassi*, 701 F.2d at 632 n. 9. However, no evidence is before the court here to suggest that the alleged debtors have improperly incurred or maintained any of their debts.

must enlist two more creditors to commence an involuntary petition against the alleged debtors.

Since Crestar and one other creditor are the only petitioners as to Stephen H. Fox, that petition must therefore be dismissed.

## SONDRA L. FOX: EXISTENCE OF A BONA FIDE DISPUTE.

Alleged debtor Sondra L. Fox has another issue which requires resolution since two other creditors have joined Crestar in the petition. She asserts that Crestar must be disqualified because its claim against her is subject to a bona fide dispute.

■ There is no precise definition of "bona fide dispute" for purposes of construing § 303(b)(1), but it clearly entails some sort of meritorious, existing conflict. *Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.*, 986 F.2d 709, 715 (4th Cir.1993). Moreover, a bona fide dispute exists when there is a " 'genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the applicability of the law to the facts.' " *In re Caucus Distribs., Inc.*, 106 B.R. 890 (Bankr.E.D.Va.1989) (quoting *In re Lough*, 57 B.R. 993, 997 (Bankr.E.D.Mich. 1986)).

■ A bona fide dispute must exist as to the validity of an entire claim and not merely a portion of the claim. *In re Broadview Lumber Co.*, 137 B.R. 775, 776 (Bankr. W.D.Mo.1992). Thus, for alleged debtor Sondra L. Fox to prevail in dismissing Crestar as a petitioning creditor, she must show that Crestar's entire claim is the subject of a bona fide dispute.

■ Mrs. Fox asserts that Crestar's violations of the Equal Credit Opportunity Act (ECOA) negate her liability under all of Crestar's claims. She has presented evidence of an order setting aside a confessed judgment in state court on one of Crestar's claims on the basis of the alleged ECOA violations.

■ It is undisputed that Sondra L. Fox may not assert these alleged violations as counterclaims against Crestar because they are time-barred under ECOA. As a result, Mrs. Fox seeks to assert common law recoupment as an affirmative defense to any state court actions by Crestar. However, Virginia law is settled on the point that common law recoupment is not available on a sealed instrument. *City of Richmond v. Chesapeake & Potomac Tel. Co.*, 205 Va. 919, 140 S.E.2d 683, 687 (1965). Crestar argues that Fox executed each instrument under seal, and she does not dispute this fact. Thus, Fox would not prevail in a Virginia court on the recoupment theory.[5]

■ Fox also suggests that ECOA violations void any of her agreements with Crestar. There is no case law supporting this position.[6] However, there is case law disputing this proposition.[7]

All reasonable inferences, made in favor of Crestar, indicate that Crestar's claims are not the subject of a bona fide dispute. Therefore, Crestar is a qualified petitioning creditor, and the involuntary chapter 7 peti-

---

5. Fox cites *First Am. Bank v. McCarty*, At Law No. 115977 (19th Va.Cir.Ct., Oct. 7, 1992) for the proposition that an ECOA claim can be made against a sealed instrument. This is simply a misstatement of the case. The court in *McCarty* agreed that the common law defense of recoupment is unavailable against a sealed instrument. The court then set aside a confessed judgment, allowing the case to proceed on the theory that a contract in violation of ECOA may be void as to the offended party. In essence, the ECOA violation could be a complete defense to the formation of the contract.

This theory was never tried, however, since, as the court has learned, the *McCarty* case was settled in December 1992. As a result, there is no case law in Virginia supporting the proposi-

tion that an ECOA violation renders an instrument void.

6. See discussion of *McCarty supra* note 5.

7. *See Riggs Nat'l Bank v. Linch*, 829 F.Supp. 163, 170 (E.D.Va.1993) (holding that ECOA cannot be asserted as an affirmative defense); *CMF Virginia Land, L.P. v. Brinson*, 806 F.Supp. 90, 95 (E.D.Va.1992) (ECOA violation cannot be used to avoid basic liability on the underlying debt); *Diamond v. Union Bank & Trust*, 776 F.Supp. 542, 544 (N.D.Okla.1991) ("[T]here is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void.").

tion against Sondra L. Fox may proceed to trial.

A separate order pertaining to each alleged debtor will be issued.