Reversed and remanded by published opinion. Judge WILKINSON wrote the opinion, in which Chief Judge WILKINS and Judge MOTZ joined.
 

 OPINION
 

 WILKINSON, Circuit Judge:
 

 The question here is whether an un-stayed state court judgment that is pending appeal can constitute a “bona fide dispute” for purposes of the Bankruptcy
 
 *436
 
 Code. 11 U.S.C. § 303(b) (2000). Defendant Ralph T. Byrd is a Maryland attorney who was unable to pay sizeable balances that he accrued on various credit cards. Platinum Financial Services Corporation (“Platinum”) held some of Byrd’s credit card accounts, and it reduced over $32,000 of Byrd’s debts to judgment in Maryland state court. While those judgments were pending appeal, Platinum filed an involuntary bankruptcy petition against Byrd, seeking to enforce its unstayed state court judgments in bankruptcy. However, Byrd responded that, notwithstanding the judgments against him, his credit card debts were the subject of a “bona fide dispute.” The bankruptcy court concluded that Byrd’s debts were not the subject of a bona fide dispute, but the district court reached the opposite conclusion. Because Byrd failed to present any substantial factual or legal questions as to his liability, the bankruptcy court properly found that Byrd’s debts were not the subject of a “bona fide dispute” for purposes of the Bankruptcy Code. Accordingly, we reverse the judgment of the district court.
 

 I.
 

 The Bankruptcy Code permits a single creditor like Platinum to file an involuntary bankruptcy petition against a debtor like Byrd, so long as (1) Byrd has fewer than twelve creditors and (2) Platinum holds claims totaling more than $11,625 that are not the subject of a “bonafide dispute.” 11 U.S.C. § 303(b)(2) (2000 & Supp.2003). Byrd con-cedes that he has fewer than twelve creditors. Byrd contends only that Platinum’s claims are the subject of a bona fide dispute, and therefore that Platinum was not eligible to file its petition. Byrd admits that, if Platinum was eligible to file its petition, the bankruptcy court was justified in ordering relief against him. We therefore must decide only whether Platinum’s claims are the subject of a bona fide dispute.
 

 Byrd argues that his credit card debts are subject to a bona fide dispute, because the credit card issuers failed to comply with Maryland’s Retail Credit Accounts Law (“RCAL”).
 
 See
 
 Md.Code Ann., Com. Law II §§ 12-501 to -515. (2000). The RCAL prohibits a card issuer from assessing finance charges on any transactions other than cash advances, unless the issuer has obtained a signed account agreement from the borrower. Id. §§ 12 — 501(f), - 503(e), -513(a). According to Byrd, he did not sign any such agreements for the credit card accounts held by Platinum; Platinum nevertheless levied impermissible finance charges; and over the years, Byrd paid those finance charges, which were greater than the remaining principal on the accounts. Byrd therefore asserts that he does not owe anything to Platinum.
 

 Assessing whether Byrd’s dispute is a “bona fide” one requires a brief look at the history of this litigation. It began when Platinum, which held six of Byrd’s credit card accounts totaling over $74,000, filed separate actions in Maryland state court to collect on three of the accounts. In June 2001, the District Court for Montgomery County rejected Byrd’s argument regarding the RCAL, and it rendered judgment in Platinum’s favor in the amount of $2,322.60. Once more in June 2001 and then again in October 2001, the court rendered judgments in Platinum’s favor of $10,600.71 and $19,269.33 on the other two accounts. All told, Platinum reduced to judgment over $32,000 of the $74,000 that the company claims it is owed.
 

 The first of these Maryland state court judgments was affirmed in early December 2001, after a trial de novo before the Circuit Court for Montgomery County. The circuit court noted that Byrd’s argument had “brought [it] up short ..., because his argument does carry some merit.” Ultimately, however, Platinum had
 
 *437
 
 offered unrebutted evidence to show that it was not suing for impermissible finance charges. The circuit court therefore affirmed the $2,322.60 judgment against Byrd. Shortly thereafter, on December 14, 2001, Platinum filed its involuntary bankruptcy petition against Byrd. Subsequent to the petition’s filing, Byrd’s appeals of the $10,600.71 and $19,269.33 judgments were also affirmed by the state circuit court.
 

 Meanwhile, Platinum and Byrd filed cross-motions for summary judgment before the United States Bankruptcy Court for the District of Maryland. After oral argument, the bankruptcy court granted Platinum’s summary judgment motion, because it held that unstayed state court judgments cannot be the subject of a bona fide dispute for purposes of the Bankruptcy Code. According to the bankruptcy court, an unstayed judgment may be enforced even though an appeal is pending, and the filing of an involuntary petition is but one of many means by which a creditor like Platinum can seek collection of its judgments.
 

 On appeal, the district court reversed the bankruptcy court, ruling that a bona fide dispute can exist as to unstayed state court judgments that are pending appeal. In the district court’s view, the key question was not the enforceability in bankruptcy of Platinum’s unstayed judgments, but the preclusive effect of those judgments in the jurisdiction in which they were rendered. In other words, the central inquiry for the district court was whether the Maryland state court judgments had preclusive effect under Maryland state law. Since Maryland law on this point was unsettled, the district court held that Platinum had failed to prove the absence of a bona fide dispute. The district court therefore dismissed Platinum’s involuntary petition. Platinum now appeals the district court’s decision.
 

 II.
 

 The Bankruptcy Code does not define the term “bona fide dispute,” and we have done no more than recognize that the term “clearly entails some sort of meritorious, existing conflict.”
 
 Atlas Mach. & Iron Works, Inc. v. Bethlehem Steel Corp.,
 
 986 F.2d 709, 715 (4th Cir.1993). We agree, however, with the unanimous view of our sister circuits that a bona fide dispute requires “an objective basis for either a factual or a legal dispute as to the validity of [the] debt.”
 
 Matter of Busick,
 
 831 F.2d 745, 750 (7th Cir.1987);
 
 see also Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC),
 
 330 F.3d 111, 117-18 (2d Cir.2003);
 
 Liberty Tool, & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.),
 
 277 F.3d 1057, 1064 (9th Cir.2002);
 
 Subway Equip. Leasing Corp. v. Sims (Matter of Sims),
 
 994 F.2d 210, 220-21 (5th Cir.1993);
 
 Rimell v. Mark Twain Bank (In re Rimell),
 
 946 F.2d 1363, 1365 (8th Cir.1991);
 
 B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Ctrs., Inc.,
 
 865 F.2d 65, 66-67 (3d Cir.1989);
 
 Bartmann v. Maverick Tube Corp.,
 
 853 F.2d 1540, 1543-44 (10th Cir.1988);
 
 Booher v. Eastown Auto Co. (In re Eastown Auto Co.),
 
 215 B.R. 960, 965 (B.A.P. 6th Cir.1998). Thus a bona fide dispute exists only when there are substantial factual or legal questions that bear upon the debtor’s liability.
 
 See, e.g., Busick,
 
 831 F.2d at 750. The bankruptcy court need not resolve the merits of the bona fide dispute, but simply determine whether one exists.
 
 See, e.g., BDC 56 LLC,
 
 330 F.3d at 118;
 
 Sims,
 
 994 F.2d at 221.
 

 A.
 

 Before the bankruptcy court, the initial burden rested on Platinum as the petitioning creditor to establish a prima facie case that no bona fide dispute existed as to Byrd’s debts.
 
 See, e.g., BDC 56 LLC,
 
 
 *438
 
 330 F.3d at 118;
 
 Sims,
 
 994 F.2d at 221;
 
 Bartmann,
 
 853 F.2d at 1544. There can be little question that Platinum met its burden. Platinum did more than merely present evidence that Byrd owed thousands of dollars on a handful of credit card accounts. Rather, it presented unstayed judgments resulting from three separate state court trials, in which Maryland courts had accepted Platinum’s evidence and rejected Byrd’s defenses. At the very least, this was strong evidence that Platinum’s claims were valid. A state court judgment is not to be treated lightly, particularly where it interprets state law.
 
 Consider Nat’l Bank of Washington v. Pearson,
 
 863 F.2d 322, 327 (4th Cir.1988) (deferring to state trial court’s interpretation of state law).
 

 The bankruptcy court, however, believed that the state court judgments ended the inquiry. According to the bankruptcy court, a claim that has been reduced to an unstayed judgment, even if an appeal is pending, can never be the subject of a bona fide dispute. The court was certainly not alone in its view,
 
 see, e.g., In re Norris,
 
 183 B.R. 437, 452-54 & n. 17 (Bankr.W.D.La.1995) (unstayed, appealed judgment not subject to bona fide dispute);
 
 In re Galaxy Boat Mfg. Co. Inc.,
 
 72 B.R. 200, 202 (Bankr.D.S.C.1986) (same);
 
 In re Drexler,
 
 56 B.R. 960, 967-68 (Bankr.S.D.N.Y.1986) (same), but it is a view that we find unpersuasive.
 

 While we recognize the general enforceability of unstayed judgments,
 
 see, e.g., Drexler,
 
 56 B.R. at 967-68, the text of the Bankruptcy Code establishes no such hard-and-fast rule. Section 303(b) prohibits a creditor from filing an involuntary petition if the creditor’s “claim” is “the subject of a bona fide dispute.” 11 U.S.C. § 303(b). Section 101(5) then defines a “claim” in part as a “right to payment,
 
 whether or not such right is reduced to judgment.”
 
 Id. § 101(5)(A) (emphasis added). In other words, the Code does not make the existence of a bona fide dispute depend on whether a claim has been reduced to judgment. It permits some creditors who have not reduced their claims to judgment to file involuntary petitions, just as it prevents other creditors who have reduced their claims to judgment from filing.
 

 After all, the purpose of the “bona fide dispute” provision is to prevent creditors from using involuntary bankruptcy “to coerce a debtor to satisfy a judgment even when substantial questions may remain concerning the liability of the debt- or.”
 
 In re Prisuta,
 
 121 B.R. 474, 476 (Bankr.W.D.Pa.1990);
 
 see also In re Lough,
 
 57 B.R. 993, 997 (Bankr.E.D.Mich.1986). Yet substantial questions may remain about a debtor’s liability, notwithstanding judgments in a creditor’s favor. In the present case, Maryland trial courts ruled in Platinum’s favor on particular factual or legal questions. These judgments go a long way toward establishing the absence of a bona fide dispute. Indeed it will be the unusual case in which a bona fide dispute exists in the face of claims reduced to state court judgments. Such judgments do not guarantee the lack of a bona fide dispute, however, especially absent rulings by Maryland appellate courts or in the face of contrary rulings by other Maryland trial courts. As a result, a creditor like Platinum may not reduce a claim to judgment elsewhere and then automatically seek enforcement in bankruptcy, at least where the judgment to be enforced is pending an appeal that presents substantial factual or legal questions.
 
 [1]
 

 
 *439
 
 B.
 

 Once Platinum had made its prima facie case by presenting unstayed state court judgments in its favor, the burden shifted to Byrd to demonstrate the existence of a bona fide dispute.
 
 See, e.g., BDC 56 LLC,
 
 330 F.3d at 118;
 
 Sims,
 
 994 F.2d at 221;
 
 Rimell,
 
 946 F.2d at 1365;
 
 Bartmann,
 
 853 F.2d at 1544. But at no point in this litigation has Byrd offered any evidence to support his contention that a bona fide dispute exists.
 

 Before the bankruptcy court, Byrd argued that a bona fide dispute existed because his ongoing appeals in the Maryland courts had merit. According to Byrd, based on favorable comments by the Maryland Circuit Court during this litigation and statements in a related ease before the Maryland Court of Special Appeals, his appeals raised legitimate doubts about Maryland law, specifically application of the state’s Retail Credit Accounts Law. Ultimately, however, Byrd lost all of these appeals: each of Platinum’s three judgments was affirmed by the Maryland Circuit Court.
 

 Byrd now claims that we cannot consider the outcome of the very appeals he filed and prosecuted, because Platinum’s filing of its involuntary petition should have stayed any proceedings in the state court cases against him.
 
 See
 
 11 U.S.C. § 362(a)(1). Byrd is only partly correct. The first of Platinum’s judgments, in the amount of $2,322.60, was affirmed on the record by the Circuit Court for Montgomery County prior to Platinum’s filing of its involuntary proceeding.
 
 See
 
 J.A. 145; Supp. J.A. 233;
 
 Davis v. Davis,
 
 335 Md. 699, 646 A.2d 365, 372-73 (1994). It was therefore unaffected by the stay. However, that judgment alone did not render Platinum eligible to file its petition. In order to have been eligible to file, Platinum must have held claims totaling more than $11,625 that were not the subject of a bona fide dispute. Id. § 303(b)(2).
 

 Yet Platinum’s other judgments, in the amounts of $10,600.71 and $19,269.33, were affirmed subsequent to its filing of its involuntary petition. Even though it was Byrd, rather than Platinum, who pursued the appeals, his appeals were still “continuation [s]” of “action[s] or proceeding^] against the debtor.” Id. § 362(a)(1). The plain language of Section 362 stays appellate proceedings in actions originally brought against the debtor, even when it is the debtor who files the appeal.
 
 See, e.g., Simon v. Navon,
 
 116 F.3d 1, 4 (1st Cir.1997);
 
 Parker v. Bain,
 
 68 F.3d 1131, 1135-36 & nn. 6, 8 (9th Cir.1995);
 
 Farley v. Henson,
 
 2 F.3d 273, 275 (8th Cir.1993);
 
 Sheldon v. Munford, Inc.,
 
 902 F.2d 7, 8-9 (7th Cir.1990);
 
 Borman v. Raymark Indus., Inc.,
 
 946 F.2d 1031, 1035 (3d Cir.1991);
 
 Matter of Barbier and Shearson Lehman Hutton Inc.,
 
 943 F.2d 249, 250 (2d Cir.1991);
 
 Marcus, Stowell & Beye Gov’t Sec., Inc. v. Jefferson Inv. Corp.,
 
 797 F.2d 227, 230 n. 4 (5th Cir.1986);
 
 Cathey v. Johns-Manville Sales Corp.
 
 711 F.2d 60, 62 (6th Cir.1983);
 
 but see Chaussee v. Lyngholm (In re Lyngholm),
 
 24 F.3d 89, 91-92 & n. 4 (10th Cir.1994). Byrd is thus correct that his two post-petition appeals should have been stayed.
 

 But this hardly leaves Byrd homefree. The mere fact that a judgment is pending appeal does not mean that a bona fide dispute exists, any more than the fact that a state court has rendered judgment means that a bona fide dispute does not exist. Before the Maryland trial courts, Byrd asserted that he had paid impermissible finance charges in excess of the balances then owing on his credit card accounts. The Maryland trial courts found little evidence to support Byrd’s assertions, and they rendered judgment in Platinum’s favor.
 

 
 *440
 
 Before the bankruptcy court, Byrd reiterated his same argument — again without supporting evidence. J.A. 105-06. He did not furnish any credit card billing statements that showed unjustified finance charges. Supp. J.A. 110, 470. Nor did he provide any documentation showing that he had paid such allegedly improper charges, much less that such charges had exceeded the current account balances. Id. And, of course, Byrd only argued that the RCAL prohibited Platinum from assessing finance charges on transactions other than cash advances. Yet Platinum presented evidence in the three Maryland state court cases that it had not sued for finance charges, Supp. J.A. 232-33; or that most, if not all, of the account balances were due to cash advances, Supp. J.A. 399-400, 503-04. Again, Byrd offered no contrary evidence to the bankruptcy court.
 
 [2]
 

 In short, Byrd has offered nothing more than his belief that he has paid more than the principal amount of each debt in impermissible finance charges, but a debt- or’s subjective beliefs do not give rise to a bona fide dispute.
 
 See, e.g., BDC 56 LLC,
 
 330 F.3d at 118;
 
 Sims,
 
 994 F.2d at 221;
 
 Rimell,
 
 946 F.2d at 1365;
 
 Bartmann,
 
 853 F.2d at 1544. Byrd cannot defeat Platinum’s standing to file under § 303(b)(2) simply by refusing to concede the validity of Platinum’s claim, without presenting any evidence to support his factual and legal arguments.
 
 See, e.g., In re Smith,
 
 243 B.R. 169, 182 (Bankr.N.D.Ga.1999). The bankruptcy court therefore correctly concluded, though on the basis of an overly broad rule, that Platinum’s unstayed state court judgments were not the subject of a bona fide dispute.
 

 C.
 

 The district court, however, disagreed with the bankruptcy court. It held that a bona fide dispute did exist, and that Platinum’s involuntary petition therefore had to be dismissed.
 
 [3]
 
 According to the district court, whether Platinum’s un-stayed state court judgments created a bona fide dispute depended on “the preclu-sive effect given to [each] judgment under the law of the forum in which the judgment was rendered.” In other words, the central issue was whether, under Maryland law, Platinum’s unstayed state court judgments were final for purposes of res judicata.
 

 Although lower courts have occasionally taken this approach,
 
 see, e.g., In re Everett,
 
 178 B.R. 132, 140 (Bankr.N.D.Ohio 1994), we think that it asks the wrong question. It asks whether Byrd was precluded from relitigating his liability, or whether Platinum was precluded from litigating additional issues that should have been raised in its suit against Byrd. But whether Platinum or Byrd could pursue other actions was unrelated to whether Byrd’s appeals themselves constituted genuine disputes. The latter, not the former, inquiry is the one required by the text of 11 U.S.C. § 303(b). And by inquiring into
 
 *441
 
 the genuineness of Byrd’s appeals, the bankruptcy court was not relitigating Byrd’s liability in violation of settled rules of res judicata,
 
 see In re Genesys Data Techs., Inc.,
 
 204 F.3d 124, 127-30 (4th Cir.2000), because it was not actually resolving any disputed question of fact or law,
 
 see BDC 56 LLC,
 
 330 F.3d at 118;
 
 Sims,
 
 994 F.2d at 221;
 
 Rimell,
 
 946 F.2d at 1365.
 

 III.
 

 The Bankruptcy Code does not require that a debtor’s assets be dissipated while frivolous or hopeless appeals wend then.- way through the courts, but neither does it permit debt collection by every creditor that has reduced its claims to judgment. Platinum was eligible to file an involuntary petition against Byrd not simply because Platinum had reduced its claims to judgment, but because Byrd failed to raise any substantial factual or legal questions about the continued viability of those judgments. We therefore reverse the judgment of the district court and remand for further proceedings consistent with this decision.
 
 [4]
 

 REVERSED AND REMANDED
 

 [1]
 

 . We do not hold that an unappealed or unap-pealable judgment may be subject to a bona fide dispute. Substantial questions as to a debtor's liability are unlikely to remain where a debtor has ceased, or can no longer continue, contesting his liability.
 

 [2]
 

 . Even if Byrd had demonstrated a bona fide dispute with regard to any portion of Platinum’s claim that was for finance charges, Platinum still might have had an undisputed claim for principal in excess of § 303(b)(2)’s $11,625 threshold.
 
 See In re Cohn-Phillips, Ltd.,
 
 193 B.R. 757, 763 (Bankr.E.D.Va.1996) ("A bona fide dispute must exist as to the validity of an entire claim and not merely some of the claim.") (citing
 
 In re Fox,
 
 162 B.R. 729, 732 (Bankr.E.D.Va.1993)).
 

 [3]
 

 . The district court did not make clear what standard of review it was applying. According to some of our sister circuits, a bankruptcy court’s decision that a claim is subject to a bona fide dispute is a factual finding reviewed for clear error.
 
 See Vortex,
 
 277 F.3d at 1064;
 
 Sims,
 
 994 F.2d at 221;
 
 Rimell,
 
 946 F.2d at 1365. We think the sounder view, however, is that the applicable standard of review depends on the nature of the bankruptcy court's decision.
 
 See BDC 56 LLC,
 
 330 F.3d at 119.
 

 [4]
 

 . Platinum's involuntary petition listed all six of its claims against Byrd. However, Platinum's motion for summary judgment addressed only the three of its six claims already reduced to judgment, and the bankruptcy court likewise addressed only those three claims in granting Platinum's motion. On remand, the bankruptcy court will have to determine whether relief on the three claims not reduced to judgment is also appropriate under 11 U.S.C. § 303(h)(1).