In re Jon F. DILLEY, Debtor.

Nancy Metz, Conservator for Emma and Miles Dilley and, Donald Gasink, Representative of Estate of Chevelle Calloway, Appellants,

v.

Jon F. Dilley and R. James Dilley & Brian Dilley, Representatives of the Estate of Sarah J. Murray, Appellees.

BAP No. 05–048.
Bankruptcy No. 04–11907.

United States Bankruptcy Appellate Panel of the First Circuit.

March 16, 2006.

Richard M. Goldman, Esq., on brief for Appellants.

Neil S. Shankman, Esq. and David J. Van Baars, Esq. on brief for Appellees.

Before HILLMAN, ROSENTHAL, and SOMMA, United States Bankruptcy Appellate Panel Judges.

ROSENTHAL, Bankruptcy Judge.

This matter is on appeal from the September 14, 2005 judgment and memorandum opinion of the bankruptcy court (the "Judgment") dismissing the involuntary petition on the grounds that the petitioning creditors' claims were " 'the subject of a bona fide dispute as to liability' within the meaning of 11 U.S.C. § 303(b)(1)." Because we conclude that the bankruptcy court committed an error of law, we **REVERSE**.

## BACKGROUND

The salient facts in this case are not in dispute and are set forth in some detail in the "Order on Motions to Suppress" entered in the criminal case pending against the Debtor and admitted without objection in the bankruptcy court hearing on the motion to dismiss the involuntary petition. On the morning of August 21, 2004, the Debtor's estranged wife, Chevelle Calloway, and his mother, Sarah Murray, were shot and killed. The Debtor has been indicted for their murders. He is currently in state custody awaiting trial. He has entered pleas of not guilty in the criminal case.

At the crime scene the Debtor admitted to shooting the victims ("I shot two people, they're dead.") and, when questioned about the location of the gun, directed an officer to a handgun in the trunk of a car parked at the crime scene. The keys taken from the Debtor fit the trunk where the handgun was found. The state court has ruled that the Debtor's admissions and the gun may be used at the criminal trial.

The Appellants, who are the special administrator of the estate of Chevelle Calloway and the temporary conservator of the two minor Dilley children, filed an involuntary petition under Chapter 7 of the Bankruptcy Code.[1] The special administrator of Chevelle Calloway's estate asserts a claim for wrongful death and contribution "in excess of $300,000." The children's conservator asserts claims for intentional infliction of emotional distress, apparently arising from the presence of the two children at the murder scene, as well as claims for support and personal injury "in an amount over $25,000."[2] Although probate court proceedings are ongoing, the Appellants had not commenced any tort actions against the Debtor as of the date of the bankruptcy court hearing.

The personal representatives of the Murray estate have commenced a state court action for assault and battery, intentional infliction of emotional distress, and wrongful death against the Debtor and have requested an attachment. They, along with the Debtor, filed a joint motion to dismiss the bankruptcy on the grounds that the petitioning creditors' claims were contingent and subject to bona fide dispute. Concluding that the personal representatives of the Murray estate lacked standing to seek dismissal,[3] the bankruptcy court focused solely on the Debtor's request that the petition be dismissed. Because the parties introduced matters outside the pleadings, the bankruptcy court treated the motion to dismiss as one for summary judgment. Fed.R.Civ.P. 12(c), made applicable by Fed. R. Bankr.P. 7012(b) and 1011(b). Holding that the Debtor's plea of not guilty in the criminal case was sufficient to establish a bona fide dispute as to liability,[4] the bankruptcy court granted the Debtor's motion.

## JURISDICTION

█ A bankruptcy appellate panel may hear appeals from "final judgments, orders

---

1. All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101, *et seq.*

2. The bankruptcy court found that the petitioning creditors failed to establish a prima facie case for the support claims. The Appellants have not challenged this ruling on appeal. The petitioning creditors also asserted a claim for partition of real estate jointly owned by the Debtor and the late Mrs. Dilley. The partition claim was not raised until oral argument and consequently the bankruptcy court refused to consider it. The Appellants have appealed that ruling but in light of our decision on the issue of liability on the wrongful death claim, it is unnecessary to decide whether the partition claim should have been addressed.

3. The bankruptcy court concluded that the Murray estate lacked standing as neither the Bankruptcy Code nor Rules authorize a creditor to seek dismissal of an involuntary petition. 11 U.S.C. § 303(d); Fed. R. Bankr.P. 1011(a). *See also FTC v. American Institute for Research & Dev.*, 219 B.R. 639, 646 (D.Mass.1998); 9 COLLIER ON BANKRUPTCY ¶ 1011.02 (15th ed.2005). The Murray estate has not appealed this ruling.

4. During the oral argument before the bankruptcy court, the Debtor conceded that the Appellants' claims are not contingent. The correctness of that concession is not before us. On appeal the Debtor confined his argument to whether the finding that his guilty plea is sufficient to create a bona fide dispute as to his liability for the Appellants' claims.

and decrees pursuant to 28 U.S.C. § 158(a)(1) or with leave of the court, from interlocutory orders and decrees pursuant to 28 U.S.C. § 158(a)(3)." *Fleet Data Processing Corp. v. Branch (In re Bank of New England Corp.)*, 218 B.R. 643, 645 (1st Cir. BAP 1998). "A decision is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Id.* at 646 (citations omitted). An interlocutory order " 'only decides some intervening matter pertaining to the cause, and requires further steps to be taken in order to enable the court to adjudicate the cause on the merits.'" *Id.* (quoting *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir.1985)). A bankruptcy appellate panel is duty-bound to determine its jurisdiction before proceeding to the merits even if not raised by the litigants. *See In re George E. Bumpus, Jr. Constr. Co.*, 226 B.R. 724 (1st Cir. BAP 1998). The judgment dismissing an involuntary petition is a final order and thus this Panel has jurisdiction to hear the appeal.

## STANDARD OF REVIEW

Appellate courts reviewing an appeal from the bankruptcy court generally apply the clearly erroneous standard to findings of fact and *de novo* review to conclusions of law. *See T I Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.)*, 43 F.3d 714, 719–20 n. 8 (1st Cir. 1994). "We review a grant of summary judgment de novo, examining the record in the light most favorable to the non-moving party." *See Euromotion, Inc. v. BMW of N. Am., Inc.*, 136 F.3d 866, 869 (1st Cir. 1998). Summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Hardy v. Loon Mountain Recreation Corp.*, 276 F.3d 18, 20 (1st Cir.2002).

To determine whether the bankruptcy court erred in granting summary judgment, we must review the court's ruling that the entering of a not guilty plea in the criminal murder case rendered the Appellants' claims subject to a bona fide dispute. Although some appellate courts suggest that the existence of a bona fide dispute is a fact question and thus the clearly erroneous standard always applies,[5] we decline to adopt a *per se* rule. The better approach is that employed by the Second Circuit. "[A] bankruptcy court's determination that a petitioning creditor's claim is the subject of a bona fide dispute will entail either a factual finding, a legal conclusion, or a mixed question of fact and law, depending on the nature of the dispute. The standard of review on appeal, therefore, depends on the nature of the determination being reviewed." *Key Mechanical Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 117 (2d Cir.2003).

Whether a claim is contingent or the subject of a bona fide dispute for purposes of § 303(b)(1), in a case such as this where the facts are undisputed, is an issue involving interpretation of the Bankruptcy Code and therefore is a question of law subject to *de novo* review.

## DISCUSSION

Section 303(b)(1) of the Bankruptcy Code provides that an involuntary

---

5. *Liberty Tool & Mfg. v. Vortex Fishing Systems, Inc. (In re Vortex Fishing Systems, Inc.)*, 277 F.3d 1057, 1064 (9th Cir.2002); *Subway Equip. Leasing Corp. v. Sims (Matter of Sims)*, 994 F.2d 210, 221 (5th Cir.1993); and *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir.1991).

case may be commenced upon the filing of a petition

> by three or more entities, each of which is either a holder of a claim against such person that is not **contingent as to liability or the subject of a bona fide dispute as to liability or amount** ... if such noncontingent, undisputed claims aggregate at least $12,300. . . .

The petitioning creditors have the burden to show that their claims are not the subject of a bona fide dispute as part of their prima facie case. *Platinum Financial Services Corp. v. Byrd (In re Byrd)*, 357 F.3d 433, 437 (4th Cir.2004); *Key Mechanical*, 330 F.3d at 118. As the bankruptcy court noted, the Appellants met this burden. The Debtor's crime scene admissions, coupled with the other evidence detailed in the state court decision on the motion to suppress, establish prima facie claims for wrongful death, and intentional infliction of emotional distress.

 Once the petitioning creditors satisfy this threshold, the burden then shifts to the debtor to establish a bona fide dispute. *Byrd*, 357 F.3d at 439. The First Circuit has not decided what constitutes a bona fide dispute under § 303 but every other circuit to address this issue has adopted an objective standard. *Id.* at 437; *Key Mechanical*, 330 F.3d at 117–18; *Liberty Tool & Mfg. v. Vortex Fishing Systems, Inc. (In re Vortex Fishing Systems, Inc.)*, 277 F.3d 1057, 1065 (9th Cir. 2002); *Subway Equip. Leasing Corp. v. Sims (Matter of Sims)*, 994 F.2d 210, 220–21 (5th Cir.1993); *Rimell v. Mark Twain Bank (In re Rimell)*, 946 F.2d 1363, 1365 (8th Cir.1991); *B.D.W. Assocs., Inc. v. Busy Beaver Bldg. Ctrs., Inc.*, 865 F.2d 65, 66–67 (3d Cir.1989); *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543–44 (10th Cir.1988); *Matter of Busick*, 831 F.2d 745, 750 (7th Cir.1987). The one bankruptcy appellate panel confronted

with the same issue also adopted the objective standard. *Booher v. Eastown Auto Co. (In re Eastown Auto Co.)*, 215 B.R. 960, 965 (6th Cir. BAP 1998). Courts in the First Circuit have also adopted the objective standard, *Efron v. Gutierrez*, 226 B.R. 305, 313 (D.P.R.1998); *Boston Beverage Corp. v. Turner*, 81 B.R. 738, 745 (D.Mass.1987), as did the bankruptcy court in the instant case. Under the objective standard, "if there is either a genuine issue of material fact that bears upon the debtor's liability, or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." *In re Lough*, 57 B.R. 993, 997 (Bankr. E.D.Mich.1986). The bankruptcy court is not to *resolve* any genuine issues of fact or law; its inquiry is to determine if such an issue exists. *Id.* "This does not mean that the bankruptcy court is totally prohibited from addressing the legal merits of the alleged dispute; indeed, the bankruptcy court may be required to conduct a limited analysis of the legal issues in order to ascertain whether an objective legal basis for the dispute exists." *In re Biogenetic Technologies, Inc.*, 248 B.R. 852, 857 (Bankr.M.D.Fla.1999). Because the standard is an objective one, a debtor's subjective intent is not relevant and thus "[m]ere denial of the claim's validity or amount is not sufficient. . . ." *In re Narragansett Clothing Co.*, 143 B.R. 582, 583 (Bankr. D.R.I.1992). Instead a debtor must demonstrate that there are substantial factual or legal questions that bear upon his liability. *Busick*, 831 F.2d at 750. Courts have recognized that "a bona fide dispute exists when the debtor has not admitted liability to the petitioning creditors nor have the creditors proven the debtor's liability. *In re Reid*, 773 F.2d 945, 947 (7th Cir.1985)." *Efron*, 226 B.R. at 312.

 In the instant case the parties agreed that the quantum of evidence need-

ed to sustain their respective burdens is the preponderance of the evidence standard. The petitioning creditors must show there is no bona fide dispute by a preponderance of the evidence to establish a prima facie case. Then the Debtor must show, by the same standard, that there is, in fact, a bona fide dispute.

The bankruptcy court relied only on the Debtor's entry of a not guilty plea in the criminal matter to establish the existence of a bona fide dispute by a preponderance of the evidence. The bankruptcy court, however, was incorrect in determining that the "plea outweighs the debtor's crime scene admission for present purposes because it establishes a contest to be resolved in the criminal court." Although the not guilty plea carries with it a presumption in the criminal case that the Debtor is not guilty of the crimes with which he has been charged, in this civil matter, the plea, standing alone, is akin to a mere denial. It is not sufficient under § 303 or under Fed.R.Civ.P. 56(e), made applicable by Fed. R. Bankr.P. 7056, to counter the Appellants' prima facie claims. A criminal defendant's not guilty plea does not ˙equate with a finding that he is not liable for wrongful death any more than his acquittal of the criminal charge would. The crime of murder and the civil tort of wrongful death require proof of different elements, *compare* 17 A.M.R.S.A. § 201 *with* 18 A.M.R.S.A. § 2–804, judged against two different standards of proof. *Compare State v. Michaud,* 513 A.2d 842, 853 (Me.1986) (murder conviction requires proof beyond a reasonable doubt), *with Monk v. Bangor Power Co.,* 112 Me. 492, 92 A. 617 (1914) (wrongful death based upon negligence must be proved by a fair preponderance of the evidence).

 "The Fifth Amendment right against self-incrimination can be invoked 'in any proceeding, civil or criminal, admin-istrative or judicial, investigatory or adjudicatory[.]' *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The right protects against disclosures 'which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.' *Id.* at 444–45, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212." *In re Gi Yeong Nam,* 245 B.R. 216, 224 (Bankr. E.D.Pa.2000). But the Fifth Amendment privilege does not compel the trier of fact in a civil proceeding to accept the assertion of the Fifth Amendment as proof of innocence. "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment 'does not preclude the inference˙ where the privilege is claimed by a party to a Civil cause.' 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961)." *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Similarly the Fifth Amendment does not permit the Debtor to evade his burden of showing the petitioning creditors' claims are the subject of a bona fide dispute.

### CONCLUSION

As the petitioning creditors have sustained their burden and the Debtor has failed to meet his, the Judgment is **REVERSED** and the case **REMANDED** to the bankruptcy court.